IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RITA COLE,

PLAINTIFF,

v.                                              CIVIL ACTION NO.: 2:04cv653

FOOD LION, L.L.C.,

DEFENDANT.

## ORDER

This matter came before the Court on the motions of Food Lion, L.L.C. [hereinafter "Defendant"] for Summary Judgment (Doc. 7) and for Leave to File a Late Rebuttal Brief (Doc. 10).  On April 8, 2005, the Court heard the motions, GRANTED Defendant's Motion for Leave to File a Late Rebuttal Brief, and took under advisement the Motion for Summary Judgment.  After considering the briefs filed by both parties and the arguments made at the hearing, the Court GRANTS Defendant's Motion for Summary Judgment.  This order further explains the Court's rulings.

I. PROCEDURAL POSTURE:

On or about October 13, 2004, Rita Cole [hereinafter Plaintiff] filed a Motion for Judgment in Circuit Court for the City of Norfolk.  (Doc. 1 at Ex. 2.)  On November 2, 2004, Defendant filed a Notice for Removal (Doc. 1) and Notice of Removal (Doc. 2).  Defendant filed

1

the instant Motion for Summary Judgment on March 16, 2005.  (Doc. 7.)  Plaintiff replied with a

Brief in Opposition to Defendant's Motion for Summary Judgment, filed March 28, 2005.  (Doc.

9.)  Although Plaintiff accomplished service of its response by mail, Defendant's counsel alleges

that he did not receive the response until April 4, 2005.  Three days after receipt, Defendant's

counsel filed a Motion for Leave to File a Late Pleading on April 7, 2005.  (Doc. 10.)  The

rebuttal brief was tendered concurrently.

II. JURISDICTION:

A defendant may remove to a United States district court any civil action over which a

district court would have had original jurisdiction.  28 U.S.C. § 1441(a).  District courts have

original jurisdiction over civil actions between citizens from different states in which the amount

in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  Plaintiff is a citizen and domiciliary of

Virginia.  (Doc. 1.)  For purposes of removal analysis, a corporation is a citizen of any state in

which it is incorporated or it has a principal place of business.  28 U.S.C. § 1332(c)(1).

Defendant is a North Carolina corporation with its principal place of business in North Carolina.

(Doc. 1.)  Defendant is not incorporated in Virginia.  Id.  A defendant desiring to remove a civil

action must file a notice of removal in the relevant district court within thirty days of the

defendant's receipt of the initial pleading.  28 U.S.C. § 1446.  Defendant filed its Notice of

Removal twenty days after it asserts it was served with a copy of the Motion for Judgment.

(Doc. 1.)  Virginia substantive law applies to this case because a federal court exercising

diversity jurisdiction must apply the law of the state in which it sits.  See Erie R.R. v. Tompkins,

304 U.S. 64, 78-79 (1938).

III. PRELIMINARY MOTIONS/ISSUES:

2

A.  Motion for Leave to File Late Pleading:

"Unless otherwise directed by the Court . . . the moving party may file a rebuttal brief within three (3) days after the service of the opposing party's reply brief."  E.D. Va. LOCAL R. CIV. P. 7(F).  When service is made by mail, FED. R. CIV. P. 6(e) adds three days, so a rebuttal brief must be filed within six (6) days after service.  In computing a period of time allowed by the local rules of a district court, "the day of the act, event, or default from which the designated period of time begins to run shall not be included."  FED. R. CIV. P. 6(a).  Unless the last day is a weekend or legal holiday, it shall be counted.  Id.

In this case, Plaintiff's Reply Brief was mailed March 28, 2005.  The last day allowed Defendant was March 31, 2005.  Therefore, Defendant's Rebuttal Brief was due on April 3, 2005.  Defendant's Rebuttal Brief  was received April 7, 2005.  A court may, for good cause shown, enlarge the period of time in which an action is to occur.  Id. at (b).  Requests for extensions or enlargements of time must be in writing and, if made after the period of time in which an act was to occur, must be accompanied by a brief.  Local Rule 7(E) and (H).  Such requests are looked upon with disfavor and may only be granted if the failure to act was the result of excusable neglect.  Rule 6(b); Local Rule 7(H).  Defendant made an untimely request on April 7, 2005, and did not include a brief in its support.  At the hearing, however, Defendant's counsel proffered that he did not receive Plaintiff's Reply until April 4, 2005.  Finding the proffer of Defendant's counsel to be reasonable and further finding the motion not opposed by Plaintiff, the Court GRANTED Defendant's Motion for Leave and marked the previously tendered brief "Filed."

B.  Failure to Comply with Local Rule 56(B):

Local Rule 56(B) provides in part, "[i]n determining a motion for summary judgment, the

3

Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." In its Rebuttal, Defendant urges the court to accept its undisputed facts as facts because Plaintiff did not specifically caption the fact section of her Reply as "Material Facts in Dispute." Plaintiff does have a fact section, but it is neither appropriately titled nor specifically numbered. Observing the Plaintiff's partial compliance with the requirements of Local Rule 56(B) and in light of the Court's lenience towards Defendant's procedural request, the Court FINDS that Plaintiff did not admit the material facts identified by the Defendant as undisputed. Therefore, on the basis of all documents filed, the Court finds the following facts undisputed.

IV. UNDISPUTED FACTS:[1]

1.  Plaintiff arrived at Food Lion between 2:30 pm and 3:00 pm on March 5, 2004. Def.'s Mot. Summ. J. at Ex. A, Deposition of Plaintiff, p. 11, lines 15, 16.

2.  Plaintiff noticed a shopping cart being blown by the wind when she first arrived at the store. She presumed the wind blew it, but the cart may have been left on an angle that caused it to roll. It went by her and hit a car. Id. at pp. 16-18.

3.  To enter the store, Plaintiff had to maneuver around 4 - 6 carts that were loose by the front of the store. Id. at pp. 14-15.

4.  Plaintiff spent approximately 32 minutes shopping inside the Food Lion store. Id. at p. 11, line 16; p. 18, line 24; and Pl.'s Mem. in Opp. Summ. J. at Aff., Ex. 1 (the receipt).

5.  Upon leaving the store, Plaintiff noticed several shopping carts were not placed in the rack near the entrance of the store. Def.'s Mot. Summ. J. at Ex. A, pp. 19-20.

6.  Plaintiff does not know how long these carts had been in front of the store. Id.

7.  After putting her groceries in her car and replacing her cart in the rack, Plaintiff began to return to her car. Id. at pp. 19-21.

---

[1]The facts of this case are stated in the light most favorable to the Plaintiff and only for the purposes of this motion.

8.  As Plaintiff returned to her car she dropped her receipt.  While bending over to pick up her receipt Plaintiff was off balance and was bumped in the backside by a shopping cart blown by the wind.  Id. at p. 21.

9.  Because Plaintiff was off balance and did not see the cart coming, the minimal impact of the cart knocked Plaintiff forward and she fell on her face.  Id. at p. 21.

10.  Melissa Cameron ("Cameron") was entering the parking lot area as Plaintiff was bumped by the shopping cart.  Cameron saw Plaintiff bend down, a motionless cart begin to move towards Plaintiff in the wind, the cart pick up a little bit of momentum, bump Plaintiff, and send her down.  Def.'s Mot. Summ. J. at Ex. B, Deposition of Cameron, p. 20.

11.  Cameron does not know how long the cart that hit Plaintiff had been sitting in the parking lot, outside of the cart rack.  Id. at p. 24.

12.  The cart that bumped Plaintiff traveled approximately four feet.  Id. at p. 21, lines 4-8.

13.  Cameron did not see any other carts being blown around the parking lot until a few minutes later, after Plaintiff had been taken inside and treated by the Food Lion employees.  Id. at p. 26, lines 2-9, 20.

14.  The National Climatic Data Center records climatological data for the Norfolk Airport, which is four miles from the store.  That data indicates that "on March 4, 2004, the day before the plaintiff's injury, the entire day was windy with peak winds over a three hour period from 9:51 a.m. to 12:51 p.m. at 10 to 16 knots, gusting to 21 knots at 11:51 a.m."  And, "on March 5, 2004, the date of the injury, the entire day was windy from 5:51 a.m. with peak winds over the six hour period before the plaintiff was injured from 16 knots at 9:51 a.m. to 21 knots at 3:51 p.m.  Winds were gusting from 23 to 28 knots during that six hour period with peak winds from 26 to 28 knots for several hours before plaintiff's injury through the time of her injury."  Pl.'s Mem. in Opp. Summ. J. at Aff., Ex. 4 (data summary).

15.  The entrance of the store contains glass windows and doors through which the front store personnel and cashiers have a view into the parking lot.  Id. at Aff., Ex. 2 (store pictures).

16.  The store manager was deposed and his testimony was substantially as follows: he had no personal knowledge of the windy condition; the outside would have been visible to store front personnel; normal store policy requires busing of carts on an as needed basis; the bagger is responsible for busing; there was only one bagger on duty; the bagger

has other responsibilities as well; and the store manager has no idea if special steps were taken to collect the carts on account of the wind.  Id. at p. 4; Aff.

V. STANDARD:

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990).  The facts and inferences drawn from the pleadings must be viewed in the light most favorable to the nonmoving party.  Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir. 1995). Summary judgment is appropriate when the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986).  If the plaintiff and defendant dispute the facts of the case, "plaintiff's version of the facts must be presented where the parties' versions conflict, at least to the degree that her allegations have support in affidavits, depositions or other documentary evidence." Magnuson v. Peak Technical Servs., 808 F. Supp. 500, 504 (E.D. Va. 1992) (citations omitted).

In order to successfully defeat a motion for summary judgment, a nonmoving party cannot rely on "mere belief or conjecture, or the allegations and denials contained in the pleadings." Doyle v. Sentry Ins., 877 F. Supp. 1002, 1005 (E.D. Va. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Rather, the nonmoving party must set forth specific facts through affidavits, depositions, interrogatories, or other evidence to show genuine issues for trial. Celotex, 477 U.S. at 324.  When the nonmoving party fails to make a sufficient showing establishing an essential element of his case and he bears the burden of proof on that issue, "there

6

is 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322; Anderson, 477 U.S. at 254.

## VI. ANALYSIS:

This is a "bump and fall" case.  Plaintiff, a 78 year-old woman, alleges that Defendant was negligent in its busing of shopping carts at a local store and, as a result, she was knocked to the ground by a wind-blown shopping cart.  Plaintiff bears the burden of  proving Defendant's negligence.  Colonial Stores, Inc. v. Lucille Admon Pulley, 125 S.E.2d 188, 189 (Va. 1962). "Ordinarily, it is for the jury to decide whether such negligence does, or does not, exist." Id. citing Steele v. Crocker, 62 S.E.2d 850, 853 (Va. 1951); Va. Elec. & Power Co. v. Wright, 196 S.E. 580, 581-582 (Va. 1938).  But a case only needs to go to a jury "'if there is conflict of the testimony on a material point, or if reasonably fair-minded [persons] may differ as to the conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony.'" O'Brien v. Everfast, Inc., 491 S.E.2d 712 (Va. 1997) (quoting State Farm Mut. Auto. Ins. Co. v. Davies, 310 S.E.2d 167 (Va. 1983)).  Defendant asserts that no differing conclusion could be reached with respect to certain of the essential elements of Plaintiff's claim.

A plaintiff asserting a negligence claim must introduce "evidence which constitutes proof that the defendant breached some duty which it owed the plaintiff, and caused, by such breach, [the] injury." Colonial Stores, 125 S.E.2d at 190 (citing Murphy v. Saunders, Inc., 121 S.E.2d 375, 378 (Va. 1961); W. T. Grant Co. v. Webb, 184 S.E. 465, 467 (Va. 1936)).  In Virginia, a store owner has a duty "to exercise ordinary care toward [customers] when they enter the

premises.  The owner must maintain its premises in a reasonably safe condition, and must warn a customer of any unsafe condition that is unknown to the customer but that is, or should be, known to the owner." See Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990); Colonial Stores, 125 S.E.2d at 190.

Proof of a hazardous condition is the initial element of a negligence claim against a store owner.  See Kendrick v. Vaz, Inc., 421 S.E.2d 447 (Va. 1992) (requiring that "an injured invitee must first establish the existence of an unsafe condition on the premises").  Plaintiff alleges that, on a windy day, Defendant allowed shopping carts to blow around the entrance to its store in a manner that was prone to injure people.  Pl.'s Mot. J. at 3.  Plaintiff's deposition is the only evidence that shopping carts were blowing around the entrance of the store prior to the accident. See Undisputed Fact no. 2.  She observed a single cart roll past her and hit a car.  Id.  Although she presumes the wind had blown the cart, the cart's movement may have been caused by it rolling down a slope.  Id.  Viewed in a light most favorable to the Plaintiff, her testimony establishes the condition - a single shopping cart may have blown in the wind and struck a car prior to her accident - but her testimony does not establish that the condition was hazardous to persons.  There is no evidence to support the second part of Plaintiff's inference, that the cart moved in a manner that was prone to injure people.  Pl.'s Mot. J. at 3.  From her testimony, a jury could infer that a wind-blown shopping cart is dangerous to an automobile.  It cannot be inferred that such a cart is dangerous to a person.  To do so, the jury would have to infer that a person, who is capable of observation and movement, is as susceptible to impact as a stationary immobile automobile.  Her testimony does not support this inference.  In her deposition, Plaintiff admits that "[i]f I had been standing, I could have pushed the cart [that bumped her] away."

8

Def.'s Mot. Summ. J. at Ex. A, Deposition of Plaintiff, p. 21, lines 11-12.

Even if the Court were to accept that a wind-blown shopping cart presented a hazardous condition on the day of the accident, there is insufficient evidence from which a jury could find the Defendant had notice of that condition.  The Virginia Supreme Court has held that a defendant is liable if it fails to correct, within a reasonable time, a hazardous condition which it created or which it knew, or should have known, existed.  Colonial Stores, 125 S.E.2d at 190 (citing Great Atlantic & Pacific Tea Co. v. Mattie Lee Rosenberger, 124 S.E.2d 26 (Va. 1962)). Plaintiff does not allege that the store propelled the shopping cart into her backside.  Instead, Plaintiff relies upon the inference that the condition existed for a long enough time that the Defendant knew[2] or should have known of its presence.  Colonial Stores, 125 S.E.2d at 190.

Constructive knowledge is found to lie "[i]f an ordinarily prudent person, given the facts and circumstances [the store] knew or should have known, could have foreseen the risk of danger resulting from such circumstances. . . ."  Memco Stores, Inc. v. Yeatman, 348 S.E.2d 228 (Va. 1986).  In such a situation, the store has a duty to exercise reasonable care to avoid the genesis of the danger.  Id.  Plaintiff presumed that the wind blew a cart by her as she walked from her car to enter the store, that there were 4-6 carts at the entrance of the store at the time she entered, that she was in the store for 32 minutes, and that there were 4-6 carts at the entrance of the store when she returned her cart to the cart rack.  See Undisputed Facts nos. 2-5.  From these facts, Plaintiff argues that the store had constructive knowledge of the hazardous condition.

Yet there is no evidence of how long the cart that hit Plaintiff had been loose and

---

[2]Plaintiff introduced no evidence that the store had actual knowledge of the condition. Pl.'s Mem. in Opp. Mot. Summ. J. at p. 4 (admitting store manager denied actual knowledge).

susceptible to the wind.  Plaintiff and Coleman both testified that they did not know how long the cart that hit Plaintiff had been outside the store.  See Undisputed Facts nos. 6, 11.  And no testimony indicates that the cart that hit Plaintiff was one of the 4-6 carts that were in front of the store when Plaintiff entered.  To infer that the cart that struck Plaintiff had been loose in front of the store for a period of time long enough that Defendant should have known of its presence, the jury would have to further infer that the cart was one of the 4-6 carts in front of the store when Plaintiff entered.  Such a presumption cannot form the basis for an inference of constructive knowledge, as inferences themselves must be based on facts not upon other inferences.  See Watson v. Va. Elec. & Power Co., 100 S.E.2d 774, 780 (Va. 1957); Murphy, 121 S.E.2d at 378; and Brooks v. Hufham, 106 S.E.2d 631, 636 (Va. 1959).

Without evidence of the amount of time that the cart that hit Plaintiff had been loose and susceptible to the wind, Plaintiff fails to show that the Defendant had constructive notice of the hazardous condition.  Thus, Plaintiff's proffered evidence fails to establish either (1) the existence of a condition hazardous to persons or (2) notice of the alleged hazardous condition.  Accordingly, Plaintiff cannot establish a prima facie case and summary judgment is appropriate.  To hold otherwise would be to make grocery stores responsible for protecting all of its customers from being bumped by shopping carts.  Such a holding would run afoul of the Virginia Supreme Court's admonition not to "place the defendant in the position of an insurer of the plaintiff's safety."  Tea Co. v. Rosenberger, 124 S.E.2d 26 (citing Safeway Stores, Inc. v. Tolson, 121 S.E.2d 751, 753 (Va. 1961); State-Planters Bank & Trust Co. v. Gans, 200 S.E. 591, 593 (Va. 1939)).

## <u>CONCLUSION</u>

For the reasons stated from the Bench and in this Order, the Court **GRANTS** Defendant's

Motion for Leave to File a Late Rebuttal Brief and **GRANTS** Defendant's Motion for Summary

Judgment.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.


_____/s/_____

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE


Norfolk, Virginia
May 25th, 2005

11